UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
Brian Hozer,

                            Plaintiff,           **ORDER VACATING AWARD OF COSTS**

            -against-                      Case No. 10-cv-03874 (TLM)

Pratt Industries (USA), Inc., Pratt Paper (NY), Inc.,
and Will Egan,

                           Defendants,
------------------------------------------------------------- X

       Before the Court are defendants' Application for Costs [Rec. Doc. 26], plaintiff's

Memorandum in Opposition thereto [Rec. Doc. 27], and defendants' Reply Memorandum [Rec. Doc.

28] in further support of the Application. For the reasons that follow, defendants' Application will

be DENIED and the Court's award of costs to the defendants in its June 6, 2012 Judgment [Rec.

Doc. 25] will be VACATED.

## I. BACKGROUND

       On August 24, 2010, plaintiff Brian Hozer filed a complaint [Rec. Doc. 1] against his former

employer, Pratt Paper (NY), Inc. ("Pratt"), and Pratt employee, Will Egan, alleging that Pratt

terminated plaintiff in retaliation for opposing what he believed to be unlawful discrimination.

Plaintiff's complaint alleged a retaliation claim against Pratt under Title VII of the Civil Rights Act,

42 U.S.C. § 2000e et seq. ("Title VII"), as well a retaliation claims against defendants Pratt and Egan

under the New York State Human Rights Law, New York Executive Law § 296 ("SHRL") and the

New York City Human Rights Law, New York City Administrative Code § 8-107 ("CHRL").

       In a June 6, 2012 Ruling [Rec. Doc. 24], the Court granted Pratt and Egan's motion for

summary judgment [Rec. Doc. 21] in its entirety. The Court entered a judgment that same day [Rec.

Doc. 25] that dismissed the case with prejudice and cast the plaintiff with the costs of the proceeding pursuant to Federal Rule of Civil Procedure 54(d). On June 29, 2012, defendants timely filed an Application for Costs [Rec. Doc. 26] seeking $1,904.00 from plaintiff, the amount defendants incurred in connection with the depositions of plaintiff Brian Hozer ($1183.50), defendant Will Egan ($294.25), and Pratt General Manager John Hennessey ($426.25).

## II. LEGAL STANDARD

"[A]n award [of costs] against the losing party is the normal rule obtaining in civil litigation, not an exception," and therefore "the losing party has the burden to show that costs should not be imposed." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). "'While the trial court has discretion . . . to allow or disallow costs, such discretion is not to be exercised arbitrarily.'" *Chapman v. ChoiceCare Long Island Long Term Disability Income Plan*, 2005 WL 3556194, at *1 (2d Cir. 2005) (quoting *Compania Pelineon De Navegacion, S.A. v. Texas Petroleum Co.*, 540 F.2d 53, 56-57 (2d Cir.1976)).

"A court need not award costs if it finds that such an award would be inequitable." *Bekiaris v. United States*, 1998 WL 734362, at *1 (S.D.N.Y. Oct. 20, 1998). "Among the factors which may be considered in making this decision are plaintiff's indigency or financial hardship and plaintiff's good faith in bringing the action." *Id.* (finding that an award of costs was inequitable when plaintiff had brought the action in good faith and earned an income of "less than $30,000 per year"); *see also Batista v. Union of Needleworkers*, *Indus. & Textile Employees AFL-CIO, CLC*, 2001 WL 1097981, at *2 (S.D.N.Y. Sept. 10, 2001) (denying award of costs when plaintiff "allege[d] that he earns $34,902 annually, that he supports a wife, who does not work outside of the home, and three children, that his rent is $742 per month and that he currently has debts totally [sic] approximately

$8,500"). "Indigency may be a proper ground for denying costs in some cases where there is a wide disparity of economic resources between the parties, and it is clear that the Court may consider the limited resources of a Title VII plaintiff when assessing costs." *Ferguson v. McDonnell Douglas Servs., Inc.*, 1996 WL 705875, at *1 (N.D.N.Y. Nov. 29, 1996).

A. *Plaintiff's Good Faith in Bringing the Action*

A dismissal of a plaintiff's case at the summary judgment stage does not preclude a Court from finding that a plaintiff brought his case in good faith, *Wharff v. State University of New York*, 2009 WL 3233409, at *6, 14 (E.D.N.Y. Sept. 30, 2009); *Pierre v. City of New York* , 2008 WL 1700441, at *3 (E.D.N.Y. Apr. 9, 2008), and District Courts in the Second Circuit have declined to award costs to the prevailing parties in such cases. *In re Ciprofloxin Hydrochloride Antitrust Litigation*, 2012 WL 293560, at *3 (E.D.N.Y. Jan. 31, 2012); *Wharff*, 2009 WL at *6, 14; *Lewis v. Keane*, 1998 WL 265127 (S.D.N.Y. May 26, 1998). This Court finds, and defendants do not argue otherwise, that plaintiff commenced this action in good faith.

B. *Financial Hardship*

In plaintiff's affidavit [Rec. Doc. 27-1] appended to his memorandum in opposition, he asserts that he has no savings, has not held a full time job since his termination by Pratt in April 2009, and that he currently earns $9.60 per hour at a part-time job. Plaintiff's 2011 New York State tax return shows that plaintiff earned wages of $4,229.00 and collected $12,816.00 in unemployment compensation, resulting in a gross income of $17,045.00 in 2011 [Rec. Doc. 27-2 at page 1]. Plaintiff's wife earned no income in 2011 [Rec. Doc. 27-2 at page 5]. Plaintiff received a letter dated May 17, 2012 from his electricity provider, Consolidated Edison, Inc., notifying plaintiff that his electricity service would be discontinued on June 5, 2012 if he failed to pay the $709.92 balance on

his account by that date [Rec. Doc. 27-2 at page 6]. A June 13, 2012 letter from Consolidated Edison to plaintiff indicates that plaintiff's "payment agreement" would be canceled unless plaintiff paid a past due amount of $96.62 by June 19, 2012 [Rec. Doc. 27-2 at page 7].

Defendants argue that plaintiff has failed to demonstrate that he is currently unable to pay the defendants' $1,904.00 bill of costs. Even if plaintiff were required to demonstrate a complete inability to pay defendants' costs, which he is not, *see Lancaster v. Lord*, 1993 WL 97258, at *1-2 (S.D.N.Y. Mar. 31, 1993) (vacating $1,080.00 cost award when plaintiff had "a total of $1530 remaining in two bank accounts"), the Court finds that he has done so. As of May 17, 2012, plaintiff was $709.92 behind on his electric bill and had been warned that a discontinuance of service loomed. It is improbable, as defendants imply, that plaintiff has $1,904.00 in cash (or other liquid assets) readily available and simply prefers to live on the brink of privation. The Court finds, based on the record before it, that taxing plaintiff with $1,904.00 in costs would subject him to financial hardship. In light of that finding and the Court's finding that plaintiff commenced this action in good faith, the Court concludes that taxing plaintiff with the costs of this proceeding would be inequitable.

## III. CONCLUSION

For the reasons stated hereinabove, defendants' Application for Costs [Rec. Doc. 26] is DENIED and the Court's award of costs to the defendants in its June 6, 2012 Judgment [Rec. Doc. 25] is VACATED.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

August 7, 2012
Brooklyn, NY

4